IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**TIMOTHY L. RICE, # K0974**                                            **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 2:11CV250-KS-MTP**

**SUPERINTENDENT RON KING**                                              **RESPONDENT**

<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**</u>

BEFORE THE COURT is *pro se* Petitioner Timothy L. Rice's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 [1]. He is incarcerated with the Mississippi Department of Corrections and challenges his conviction for sale of cocaine. The Court has considered and liberally construed the pleadings. The case is dismissed without prejudice.

## BACKGROUND

According to Rice, he was convicted on October 14, 2009, in the Jones County Circuit Court for sale of cocaine. He was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. On October 23, 2009, his attorney filed a motion for a new trial or an acquittal notwithstanding the verdict. The trial court denied the post judgment motion on May 31, 2011. Subsequently Rice filed an appeal *pro se*, *Rice v. State*, 2011-KP-917-COA, which is still pending before the Mississippi Court of Appeals.

According to the Mississippi Court of Appeals's website, the Notice of Appeal was filed on June 24, 2011. Rice filed the instant habeas action on December 19. The Mississippi Court of Appeals's website indicates that the trial court filed the record with the appellate court on January 11, 2012. The same day, the appellate court issued a briefing schedule.

## DISCUSSION

Section 2254 provides in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
> . . .
>
> (B)(ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Rice admits he has a pending appeal before the State court. He appears to allege the procedure is ineffective because of the trial court's delay in filing the record with the Mississippi Court of Appeals. Its website indicates that, shortly after the filing of habeas petition, the record was filed with the Mississippi Court of Appeals, and it has issued a briefing schedule. Since the State court is processing the appeal, the Court finds that Rice should exhaust his State court remedies with respect to his conviction. Therefore, the case is dismissed without prejudice for failure to exhaust State court remedies.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Petitioner Timothy L. Rice's [1] Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. 2254, should be and is hereby **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 20th day of January, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE